IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARK HAMMOND, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:11CV53–HEH
)
KELLY MORLEY, et al., )
)
Defendants. )

## MEMORANDUM OPINION
(Defendant Morley's Motion for Partial Judgment on the Pleadings)

This is an action for money damages stemming from an encounter between Plaintiff and two officers of the City of Richmond Police Department. Mark Hammond ("Plaintiff") filed this suit against Officer Kelly Morley ("Officer Morley") and Officer Anthony Cattogio ("Officer Cattogio") (collectively referred to as "Defendants") asserting claims under 42 U.S.C. § 1983, as well as claims for assault and intentional infliction of emotional distress under Virginia common law. The matter is now before the Court on Defendant Officer Morley's motion for partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The parties have submitted memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decisional process. For the reasons discussed herein, the motion will be granted.

I.

The events giving rise to this litigation center around an encounter between Plaintiff and Defendants, which allegedly occurred on or about March 13, 2010. The following facts are alleged in the complaint and are assumed to be true for the purposes of this motion. On or about March 13, 2010, Officers Morley and Cattogio were on patrol in a vehicle when they encountered Plaintiff driving a motor vehicle. The officers followed Plaintiff to his residence, at which point Officer Morley asked Plaintiff why he was driving on a suspended license, apparently in reference to Plaintiff's earlier arrest for driving on a suspended license.[1] Plaintiff responded that he possessed a license, that his prior traffic charge had been dismissed, and that he intended to enter his residence.

According to the complaint, following this verbal exchange with Officer Morley, Officer Cattogio blocked Plaintiff from walking up the steps to his residence, forcibly pushed Plaintiff, slammed him onto a nearby vehicle, and then punched him in the stomach and face. When Plaintiff attempted to break free, Officer Cattogio allegedly tackled Plaintiff to the ground and punched him several more times. While on the ground, Officer Cattogio allegedly put his knee in Plaintiff's back and his arm around Plaintiff's neck, causing Plaintiff to briefly "pass[] out." (Compl. ¶ 26.) Officer Cattogio then allegedly placed Plaintiff in handcuffs and escorted him to a police vehicle for transportation.

---

[1] The complaint alleges that Officer Morley had previously arrested Plaintiff on February 13, 2010 and charged him with driving on a suspended operator's license. The complaint further alleges that on March 3, 2010, that charge was dismissed by the General District Court of the City of Richmond, and that Officer Morley was present in the courtroom when the case was dismissed.

Following this encounter and arrest, the complaint alleges that Officers Cattogio and Morley made false statements to a magistrate, causing the issuance of warrants charging Plaintiff with assaulting a police officer and obstructing justice. Specifically, the complaint alleges that Officer Cattogio told the magistrate "that Plaintiff had swung at Cattogio and that Cattogio had ducked." (Compl. ¶ 32.) Lastly, according to the complaint, the charges against Plaintiff for assaulting a police officer and obstructing justice were *nolle prossed* in the General District Court for the City of Richmond.

Plaintiff filed a five-count complaint against Defendants, seeking damages for false arrest and use of excessive force under § 1983, as well as assault, false imprisonment, and intentional infliction of emotional distress under Virginia common law. Plaintiff seeks $5,000,000 in compensatory damages and $350,000 in punitive damages.

## II.

The standard for reviewing a motion for judgment on the pleadings under Rule 12(c) utilizes the same standard as a motion made pursuant to Rule 12(b)(6). *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; ... it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), amplified this

standard, noting that, to survive a motion to dismiss, a complaint must contain sufficient factual information "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. While it does not require "detailed factual allegations," *Twombly* held that Rule 8 of the Federal Rules of Civil Procedure does demand that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* at 555, 127 S. Ct. at 1964-65. Thus, a complaint containing facts that are merely consistent with a defendant's liability stops short of the line between possibility and plausibility of entitlement to relief. *Id.* at 557, 127 S. Ct. at 1966. Rather, a complaint achieves facial plausibility when it contains sufficient allegations supporting the reasonable inference that the facts alleged support an actionable claim. *Id.* at 556, 127 S. Ct. at 1965; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

This analysis is context specific and requires the "reviewing court to draw on its judicial experience and common sense." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). The *Giacomelli* Court also stressed that "'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1955). Additionally, in considering a Rule 12(c) motion, the Court assumes the facts alleged in the Complaint are true and draws all reasonable factual inferences in the nonmovant's favor. *Edwards*, 178 F.3d at 243.

"Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the [12(c)] motion is converted

4

into one for summary judgment." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006) (citations omitted). However, there are exceptions to this rule. "Specifically, a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." *Witthohn*, 164 F.App'x at 396 (citations omitted); *see also Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) ("[A court] may consider documents attached to the complaint ... as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.").

### III.

Count one alleges that Defendants violated Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights when they arrested him.[2] Officer Morley challenges count one by arguing that she did not arrest Plaintiff because she neither used physical force nor did Plaintiff submit to an assertion of her authority. Therefore, Officer Morley asserts that a claim for false arrest against her must be dismissed. Plaintiff counters by arguing that Officer Morley's verbal encounter with Plaintiff constituted a seizure within the meaning of the Fourth Amendment and therefore count one states a claim for false arrest

---

[2] It appears that there is some confusion regarding which events form the basis for count one—the initial warrantless arrest of Plaintiff on March 13, 2010, or the subsequent arrest warrant that was issued by a magistrate judge based on the statements made by Officers Morley and Cattogio. After reviewing the complaint, it is clear that count one's claim for false arrest concerns the initial warrantless arrest of Plaintiff on March 13 while count four relates to the arrest warrant issued after the initial encounter. Officer Morley clearly states that her motion challenges the claim for false arrest regarding the initial warrantless arrest of Plaintiff, and not any claim made regarding the arrest warrant issued by a magistrate judge after the initial encounter. (Def.'s Mem. Supp. J. Pleadings 2 n.3, ECF No. 12.)

as to Officer Morley. The U.S. Supreme Court has held that "[a]n arrest requires either physical force ... or, where that is absent, submission to the assertion of authority." *California v. Hodari D.*, 499 U.S. 621, 624, 111 S. Ct. 1547, 1551 (1991). Here, Plaintiff alleges that Officer Cattogio, not Officer Morley, used physical force to effect the arrest. (Compl. ¶¶ 18–31.) Therefore, to sustain his claim for false arrest against Officer Morley, Plaintiff must allege that he submitted to an "assertion of authority" by Officer Morley. *Hodari D.*, 499 U.S. at 624, 111 S. Ct. at 1551. Yet Plaintiff makes no such allegations. Instead, the complaint merely alleges that Officer Morley asked Plaintiff, "What are you doing driving? You know you are suspended." (Compl. ¶ 15.) Plaintiff claims that he responded, "I got my license. My case was dismissed. I'm going in the house." (*Id.* at ¶ 17.) These are the only allegations regarding the arrest that mention Officer Morley. Plaintiff has failed to allege that he submitted to an assertion of authority by Officer Morley, and thus he has failed to plead an actionable claim for false arrest. Accordingly, count one will be dismissed as to Officer Morley.

Count two alleges that Defendants violated Plaintiff's constitutional rights by using excessive force during the March 13 encounter. Officer Morley argues that the complaint only alleges that Officer Cattogio used excessive force on Plaintiff, and that none of the allegations mention Officer Morley. Plaintiff concedes that Officer Morley did not physically touch Plaintiff during the initial arrest. (Pl.'s Mem. Opp'n Mot. J. Pleadings 3, ECF No. 16). Accordingly, count two will be dismissed as to Officer Morley.

In count three Plaintiff claims that Defendants assaulted him during the encounter on March 13. An assault "occurs when an assailant engages in an overt act intended to inflict bodily harm ... or engages in an overt act intended to place the victim in fear or apprehension of bodily harm and creates such reasonable fear or apprehension in the victim." *Clark v. Commonwealth*, 279 Va. 636, 641, 691 S.E.2d 786, 789 (2010). As with count two, Officer Morley argues that the complaint does not allege any facts against her that could constitute an assault. Here again, Plaintiff concedes that Officer Morley did not physically touch Plaintiff (Pl.'s Mem. Opp'n Mot. J. Pleadings 4), and the complaint fails to allege that Officer Morley committed any act that placed Plaintiff in fear or apprehension of bodily harm. Plaintiff alleges that Officer Morley asked him "What are you doing driving? You know you are suspended." (Compl. ¶15.) This statement did not place Plaintiff in fear or apprehension of bodily harm and Plaintiff makes no suggestion to the contrary. Count three will therefore be dismissed as to Officer Morley.

Count five alleges that Defendants intentionally inflicted emotional distress on Plaintiff during the course of the March 13 encounter and subsequent related court proceedings. Under Virginia law, a claim for intentional infliction of emotional distress must allege that "the wrongdoer's conduct is intentional or reckless; the conduct is outrageous and intolerable; the alleged wrongful conduct and emotional distress are causally connected; and, the distress is severe." *Russo v. White*, 241 Va. 23, 26, 400 S.E.2d 160, 162 (1991). Officer Morley argues that complaint fails to allege any facts

that amount to outrageous and intolerable conduct. Plaintiff, on the other hand, asserts that being accused of driving on a suspended license, subjected to a "vicious and unprovoked attack at the hand of Cattogio," placed under arrest, and forced to defend himself against "baseless allegations" is conduct that amounts to intentional infliction of emotional distress. (Pl.'s Mem. Opp'n Mot. J. Pleadings 4.) This Court finds that Plaintiff has failed to allege the type of extreme conduct that is necessary to sustain a claim for intentional infliction of emotional distress. Even assuming that the complaint pleads the first and third elements of such a claim, it falls far short of pleading outrageous conduct and severe distress. *See Russo*, 241 Va. at 26, 400 S.E.2d at 162. In *Russo*, the Supreme Court of Virginia held that "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at 27, 400 S.E. 2d at 162. This is a high hurdle to clear and Plaintiff's allegations—that he was assaulted by officers who used excessive force against him and wrongfully arrested him—do not constitute the type of outrageous and extreme behavior required to support a claim for intentional infliction of emotional distress under Virginia law. The alleged behavior by the officers, even if true, does not rise to the level of "utterly intolerable in a civilized community." *Id.* Accordingly, count five will be dismissed as to Officer Morley.

In his opposition to the motion for judgment on the pleadings, Plaintiff appears to request leave of court to amend his complaint as to any counts that are dismissed against

Officer Morley for failure to state a claim. (Pl.'s Mem. Opp'n Mot. J. Pleadings 5.) However, a request for leave to file an amended complaint must be made in a formal motion with the Court and should include a proposed amended complaint as an exhibit. Absent such a motion, the Court will not consider Plaintiff's request.

## IV.

For these reasons, Defendant Morley's motion for partial judgment on the pleadings will be granted. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: July 8, 2011
Richmond, VA